Morton J.
delivered the opinion of the Court. This case comes before us upon exceptions to the opinion of the Court of Common Pleas. The judgment of that court was given upon a statement of facts, and the only question is, whether upon those facts the plaintiff can maintain this action.
The minority of the plaintiff forms no obstacle to his recovery. Nor can the service of the trustee process upon the individual who was the prudential committee, avail the defendants. He contracted with the plaintiff as agent, and never was personally liable to him. He did not receive the money of the town by the plaintiff’s authority. It never became the money of the plaintiff, nor can it in any sense be considered his goods, effects, or credits, in the hands of a trustee.[1]
The plaintiff was duly qualified for the employment in which he engaged. He made a regular and valid contract with the prudential committee. He performed the service required, and is entitled to the stipulated compensation. Of whom ? Not of the person who was chosen a prudential committee, for he only acted as agent. Whose agent was he ? Did he represent the town, or the school district ? He was elected by both. There is no doubt that he was duly chosen. I can see no objection to the validity of the election by the town, but it is immaterial whether he received his authority *267 from the election of the town or that of the district, as this circumstance will not in any degree affect the character of his agency. This case depends wholly upon the construction of the act to provide for the instruction of youth. St. 1826, c. 143. This statute defines the powers and duties of towns in relation to the establishment, support and regulation of free schools. It is of immense practical importance, and being most beneficial in its operations, is entitled to a liberal construction. Among other things, it empowers each town in the state to form school districts, and to choose a school committee and a prudential committee for each school district. This last power, according to the sixth section, may be delegated by the town to the several districts.
The prudential committee, when duly chosen, is for some purposes the agent of the town, and for others, the agent of the district. Whether he acted in the one capacity or the other in this case, will readily appear by briefly adverting to the respective powers and duties of towns and districts, and the authority of the prudential committee.
By the first section, towns are required to provide for and maintain, at their own expense^ all town schools. By the second, they are empowered to form school districts ; and by the fourth, they are required to raise money to defray the expense of all such schools. By the fifth, they are required to choose school committees, and by the sixth, a prudential committee.
By this statute school districts are made corporations. But their powers are very limited. By the seventeenth section they are liable to be sued upon any contract legally made by them, and are empowered to maintain actions for a violation of any such contract, and also for any injury done to any property by them owned.
They are also authorized to take and hold any estate for the purpose of supporting schools ; to hire, purchase or build schoolhouses and to repair he same, to determine upon the site, and to purchase and hold the land on which the schoolhouses are erected, to procure all utensils required for the use of schools, and to raise all money, necessary to defray the expenses incurred for the purposes aforesaid. They are fiir *268 tlier empowered to hold corporate meetings, to keep records which shall be evidence of their proceedings, and to choose a proper officer to keep and verify such records.
In the sixth section of the statute under consideration, the powers and duties of the prudential committee are defined They are to keep the schoolhouse in good order ; if there be none, to hire a suitable place for the schoo. ; to provide fuel and other things necessary for the comfort of the scholars, and the convenient management of the school; to select and contract with a teacher for the district; and to give such information and assistance to the school committee as will aid them in the discharge of their duties.
All the expenses arising from the performance of the above duties, except the selection of a- teacher, are to he borne by the districts. The sixth section does little more than point out the manner in which the powers given to the school districts in the tenth shall be executed. When therefore the prudential- committee is executing any of these powers, he is acting as the agent or representative of the district, and any contract which he may make in pursuance of them will bind the district and be, in fact, its contract.
But school districts are not required and have no power to establish or maintain schools. The prudential committees could not bind them in any contracts for this purpose, even should they make them in their names, and in pursuance of any express votes. Districts could give no such power.
But towns riot only have power to support schools in the several school districts into which they may be divided, but they are bound by law so to do. The only mode in which they are authorized to contract with instructers, is through the agency of the prudential committee. When this committee acts on this subject officially, it necessarily acts as the agent of the town and the town is clearly bound by such acts.
The defendants recognised the contract made with the plaintiff, as their contract, by paying the money into the hands of the prudential committee. This was no payment to the plaintiff; the prudential committee was the agent of the town, and not of the plaintiff. They were answerable for his conduct, and are not discharged from their liability *269 until payment is actually made to the plaintiff, or his author-zed agent.[1]

Judgment of Common Pleas affirmed.

 See Cramer v. Flint, 18 Pick. 140 ; Barnard v. Graves, 16 Pick. 41; May haw v. Scott, 10 Pick. 54.

 See Rev. Stat. c. 23, § 25, 28; Speas v. Cummings, 23 Pick. 225; Allen v. School District No 2 in Westport, 15 Pick. 35; Perny v. Dover, 12 Pick. 215.